IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bradley R. Marshall | Civil Action No. 2:12-84-RMG-BHH |
| Plaintiff, | |
| vs. | **ORDER AND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Stephen L. Purcell, Jennifer Gee, The United States Department of Labor and John Does and Jane Does 1-5, | |
| Defendants. | |

This matter is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Doc. 21], requesting that the plaintiff's entire case be dismissed. The plaintiff has also moved to stay any agency order during the pendancy of this case. [Doc. 40.] The plaintiff has not pled many specifically styled claims but has requested money damages and equitable relief and has appealed the Defendant United States Department of Labor's decision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-06 to not allow him to appear as an attorney or non-attorney representative.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**BACKGROUND**

The plaintiff was licensed to practice law by Washington State. In 2007, however, the Supreme Court of Washington suspended him from practice for eighteen months. *See Disciplinary Proceeding Against Bradley R. Marshall*, 157 P.3d 859, 864 (Wash. 2007) (en banc) (Marshall I). And, then, in 2009, the Supreme Court disbarred him based on a number of different violations. *See Disciplinary Proceeding Against Bradley R. Marshall*, 217 P.3d 291, 294 (Wash. 2009) (en banc) (Marshall II). The plaintiff's petition for certiorari was denied by the United States Supreme Court on June 21, 2010. *Marshall v. Washington State Bar Ass'n*, 130 S. Ct. 3480 (2010). The United States Court of Appeals for the Ninth Circuit imposed a reciprocal disbarment on May 25, 2010. *In re Bradley Rowland Marshall*, Case No. 07-80092 (9th Cir. 2010).

Defendant Judges Stephen Purcell and Jennifer Gee are administrative law judges appointed under section 3105 of the Administrative Procedure Act (APA). *See* 5 U.S.C. § 3105 and 33 U.S.C. § 919(d). A case arising under the Longshore Act was referred to Department of Labor's Office of Administrative Law Judges (OALJ) for a hearing and assigned to Judge Gee. On behalf of another individual claimant, the plaintiff attempted to appear to represent that individual as either an attorney or a non-attorney representative.

Both ALJs separately disqualified the plaintiff from appearing as a representative before OALJ based on his disbarment by the State of Washington, and pursuant to a regulation addressing the qualifications of an individual to appear before the OALJ. 29 C.F.R. § 18.34(g).

The plaintiff alleges that Judge Gee violated his rights by denying him the authority to represent the claimant for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50 (Longshore Act) and that Chief Judge Purcell later violated his rights by denying him authority to appear on behalf of any client before the OALJ.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

3

complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## **DISCUSSION**

The plaintiff comes to this Court with no persuasive argument in hand. The undersigned is not amenable to reconsidering the plaintiff's disbarment for what would amount to essentially a third or fourth time. Simply put, the plaintiff attempted to represent another individual in a Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50 (Longshore Act) case before Department of Labor's Office of Administrative Law Judges (OALJ). The OALJ (1) found that the plaintiff had been previously disbarred by the State of Washington; (2) gave the plaintiff opportunity to explain why reciprocity should not be afforded that decision; and (3) then entered a reasoned decision. [Doc. 9-2 at 29-30.] There is essentially nothing more to say about it but the Court would add some.

As an initial matter, the agency's decision is insulated by a severe review standard. The Administrative Procedure Act ("APA"), which the plaintiff is proceeding under (see Compl. at 3), entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001). In making this inquiry, the reviewing court "must

consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986). An agency action usually is arbitrary or capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *See Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also County of L.A. v. Shalala*, 192 F.3d 1005, 1021 (D.C.Cir.1999) ("Where the agency has failed to provide a reasoned explanation, or where the record belies the agency's conclusion, [the court] must undo its action").

As the United States Supreme Court has explained "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n*, 463 U.S. at 43. Rather, the agency action under review is "entitled to a presumption of regularity." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

So where an agency has taken reasonable efforts to apply the appropriate legal

5

standard and has explained its decision the Court will have little grounds to reverse it. Such is the case here.

The plaintiff was told that the OALJ would give reciprocal effect to the disbarment decision by the State of Washington unless the plaintiff could establish the criteria set forth in the United States Supreme Court decision, *Selling v. Radford*, 243 U.S. 46, 50-51 (1917). [Doc. 9-2 at 18.] *Selling* is a seminal decision concerning the deference to be extended disbarment decisions of other jurisdictions and courts. *See In re Evans*, 834 F.2d 90, 91 (4th Cir.1987). In *Selling*, the Supreme Court held that it would give reciprocal effect to a state court's disbarment order unless:

> from an intrinsic consideration of the state record one or all of the following conditions appear: (1) that the state procedure, from want of notice or opportunity to be heard, was wanting in due process; (2) that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty accept as final the conclusion on that subject; or (3) that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice we are constrained to do so.

*Selling v. Radford*, 243 U.S. at 51.

The plaintiff responded to the Show Cause Order on November 21, 2011, alleging violations of due process in the Washington disbarment proceedings based on the actions of the original hearing officer and the chief hearing officer, and sought to present both oral argument and testimony concerning those alleged violations. [Doc. 9-

6

2 at 20, 23-24.]

After receiving the plaintiff's response to his Order to Show Cause, Chief Judge Purcell issued an order on December 8, 2011, denying the plaintiff the authority to appear as a representative before OALJ. [Doc. 9-2 at 25.] Noting that the due process violations the plaintiff complained of in his response had been specifically litigated in the Washington proceedings and expressly rejected by the Washington Supreme Court, the ALJ denied the plaintiff's request to present oral argument and testimony. *Id.* at 29-30. The ALJ found that the plaintiff's response was "nothing more than an attempt to reopen and re-litigate the disciplinary matter." *Id.* He further found that the misconduct that led to the plaintiff's disbarment by the Washington State Supreme Court was disqualifying behavior under 29 C.F.R. 18.34(g)(3). *Id.*

Addressing the *Selling* criteria, the ALJ concluded that the plaintiff did "not establish that the Washington State proceedings were conducted in such a way as to violate due process, or were lacking in proof of misconduct, or that a grave injustice would result in giving effect to the Washington Supreme Court's judgment." [Doc. 9-2 at 30.]

The plaintiff's principle rejoinder is that a hearing was required but denied. The plaintiff contends, specifically, that 29 C.F.R. § 18.34(g)(3) states that an ALJ may deny the privilege of appearing as a representative only "after notice of and opportunity for hearing . . . ." *Id.* The Court disagrees that the failure of the ALJ to conduct a hearing violated the Regulation or constituted an arbitrary and capricious act.

7

In general, failure to hold an evidentiary hearing is immaterial because procedural due process in a disbarment proceeding does not require a hearing of that nature be given to the attorney. *In re Chipley*, 448 F.2d 1234 (4th Cir.1971). Additionally, the phrase "notice and opportunity for hearing" does not necessarily require an actual and physical hearing. In other juridical circumstances, Bankruptcy Court for instance, such statutory language has been interpreted to not always require an actual hearing. *In re Minkes,* 237 B.R. 476, 477 n.3 (8th Cir. BAP 1999) (considering phrase "notice and a hearing"). Rather, the amount of notice and the opportunity for hearing depends on what is "appropriate in the particular circumstances." *In re Jones*, 2011 WL 3320504, at *2 (Bkrtcy. D. Or. 2011).

The Court has not found any case which has interpreted 29 C.F.R. § 18.34 as requiring, absolutely, an in-person hearing. The plaintiff was given notice that his admission was under review and opportunity to be heard concerning his view of the matter. The Court cannot consider the ALJ's failure to grant a live hearing an arbitrary and capricious application or interpretation of Section 18.34 under the circumstances.

Certainly, "[t]he requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result." *Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988 F.2d 186, 197 (D.C.Cir.1993). But, this requirement is not particularly demanding, *id.*, and as the Court has noted, the ALJ did so. Nothing more than a "brief statement" is necessary, as long as the agency explains "why it chose to do what it did." *Tourus Records*, 259 F.3d at 737. If the court can "reasonably discern [

]" the agency's path, it will uphold the agency's decision. *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

The ALJ identified the controlling standard in *Selling* and applied its factors in a way that can be understood and reviewed in this Court. As indicated, the application of that test was not arbitrary.

For these reasons, the plaintiff cannot possibly have any claim in damages or equitable relief whatsoever. There was nothing procedurally or substantively defective about the ALJ's consideration of his admission as an attorney or non-attorney representative. Issues of immunity are simply unnecessary to visit.

The plaintiff also makes certain complaints concerning the "jurisdiction" of the Defendant ALJs Stephen Purcell and Jennifer Gee to even consider his request to appear in the OALJ. He contends that only a Judge Richard Clark, who was apparently originally assigned to the case [Doc. 9-2 at 3], had "jurisdiction" over the plaintiff. But, the Court is unaware of any jurisdictional requirement with respect to a particular judge. Jurisdiction relates to the Court itself, here the OALJ, and not any particular judge that sits in it. The plaintiff makes no argument that the administrative law court itself was somehow without jurisdiction. In fact, quite the opposite, he would contend that he should have been allowed to appear in that very court. The Court is simply unfamiliar with jurisdictional obligations that flow between litigant and particular judicial officers, so long as the case is properly in the court itself. Litigants have no right to any particular judge. *See United States v. Colon–Munoz*, 292 F.3d 18, 22 (1st Cir.2002); *United*

*States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000).

The plaintiff, before the OALJ and here now, swears that he does not mean to relitigate his disbarment. Respectfully, that is nearly all he continues to do. For so much of 37 pages of his Amended Complaint it is difficult for the Court to even discern the claims against the present defendants. (See generally Compl.) It is principally a disparagement of the Washington Supreme Court and State Bar. Other than what has been addressed and recommend, *supra*, no other claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); 24 U.S.C. § 1983; or otherwise survives any serious scrutiny.

Also, the Court previously refused additional discovery. This was appropriate, as the undersigned is properly sitting as an appellate tribunal reviewing an administrative decision under the Administrative Procedure Act ("APA"). *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C.Cir.2001) (observing that "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal"). "Challengers to agency action are not . . . ordinarily entitled to augment the agency's record with either discovery or testimony presented in the district court," as "[t]he entire case on review is a question of law." *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *see also Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). Further, it is unecessary to convert or consider any part of the present motion as one for summary judgment, insofar as all considered and extrinsic materials were submitted by the plaintiff and attached to the Complaint. Such documents are

10

rightly considered on a motion to dismiss. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss and for summary judgment [Doc. 21], be GRANTED and all claims dismissed *with prejudice*. The plaintiff's emergency motion to stay an agency order pending appeal is MOOT.

IT IS SO RECOMMENDED.

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

November 6, 2012
Greenville, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).