IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bradley Marshall, ) | |
| ) | Case No. 2:12-cv-84-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Stephen L. Purcell, Jennifer Gee, ) | |
| United States Department of Labor, and ) | |
| John Does and Jane Does 1-5, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court upon the Report and Recommendation of the Magistrate recommending that this Court grant Defendants' motion to dismiss pursuant to Rule 12(b)(6) and motion for summary judgment pursuant to Rule 56. (Dkt. Nos. 21, 48). The Court agrees that Defendants' motion should be granted, and adopts the recommendation of the Magistrate subject to the modifications detailed below.

**Background**

Plaintiff is an attorney who was disbarred by the State of Washington from the practice of law in 2009. He subsequently sought to appear as a representative of an individual seeking relief before a federal administrative law judge before the United States Department of Labor's Office of Administrative Law Judges ("OALJ"). Upon being advised that Plaintiff had been disbarred by the State of Washington for unprofessional conduct, Administrative Law Judge ("ALJ") Jennifer Gee disqualified Plaintiff from appearing as a representative pursuant to 29 C.F.R. § 18.34(g) in regard to a specific matter appearing before her. Thereafter, Chief Administrative Law Judge Stephen L. Purcell issued a Rule to Show Cause why Plaintiff should not be prohibited to appear before the OALJ in any proceedings in light of his disbarment by the State

of Washington. By order dated December 8, 2011, Judge Purcell barred Plaintiff from appearing before the OALJ because of his disbarment by the State of Washington. Plaintiff challenges the decisions of Judges Gee and Purcell, contending he was denied due process by not being permitted to collaterally attack the Washington State Supreme Court decision of disbarment by way of an evidentiary hearing.

This litigation represents but one of many efforts by Plaintiff to collaterally attack his disbarment as an attorney by the Washington State Bar Association, which was affirmed unanimously by the Washington Supreme Court. *In re Disciplinary Proceeding Against Bradley R. Marshall*, 217 P.3d 291 (Wash. 2009), *cert. denied* 130 S. Ct 3480 (2010). The Washington Supreme Court found that Plaintiff had committed misconduct by attempting to "squeeze his clients for additional fees despite the flat fee agreement" and trying to "bully his clients into settling their claims." 217 P.3d at 310. This decision followed an earlier decision of the Washington Supreme Court upholding a two-year suspension of Plaintiff from the practice of law for other misconduct. *In re Disciplinary Proceeding Against Bradley R. Marshall*, 157 P.3d 859 (Wash. 2007).

Following Plaintiff's unsuccessful challenge of his disbarment on direct appeal, he launched various actions in the United States Bankruptcy Court, United States District Court, and the Ninth Circuit Court of Appeals collaterally attacking the Washington State disbarment decision. *Marshall v. Wash. State Bar Assoc.*, 448 Fed. App'x 661 (9th Cir. 2011); *Marshall v. Wash. State Bar Assoc.*, No. CV-11-5319 SC, 2012 WL 2979021 (W.D. Wash. July 20, 2012). All of these challenges were rejected, with the various courts holding that such a collateral attack on a final state court decision through an independent federal action was barred by the *Rooker-Feldman* doctrine. *Marshall*, 448 Fed. App'x at 663; *Marshall*, 2012 WL 2979021, at *2. In

Plaintiff's most recent collateral attack on the Washington State decision, the Court characterized Plaintiff as a "vexatious litigant" and noted that the Court had entered an order requiring Plaintiff "to seek leave of the Court before filing future actions against the defendants in connection with his disbarment." *Marshall*, 2012 WL 2979021, at *1.

Plaintiff filed the present action in this Court on January 9, 2012, asserting constitutional claims against the Department of Labor, ALJs Gee and Purcell, and unknown defendants, as well as appealing the orders of the ALJs under the Administrative Procedures Act. (Dkt. No. 9). This *pro se* matter was automatically referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC. On May 14, 2012, Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) and for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 21). Plaintiff then filed an emergency motion to stay on August 8, 2012. (Dkt. No. 40). The Magistrate filed a Report and Recommendation ("R&R") on November 6, 2012, recommending this Court grant Defendants' motion and deny Plaintiff's motion to stay. (Dkt. No. 48). Plaintiff then timely filed objections to the R&R (Dkt. No. 54) and re-filed his motion to stay (Dkt. No. 55).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."

## Discussion

In his objections, Plaintiff alleges the Magistrate erred in ruling against him on the following three issues: 1) whether his "Equal Protection, Due Process, and *Bivens* complaint" state sufficient facts to survive a motion to dismiss; 2) whether the ALJs were arbitrary, capricious, abused their discretion, or otherwise failed to act in accordance with law in disqualifying him to serve as a lay representative; and 3) whether the ALJs properly interpreted and applied 29 C.F.R. § 18.34 and *Selling v. Radford*, 243 U.S. 46, 50-51 (1917). These objections will be addressed in turn.

In her R&R, the Magistrate found issues of immunity unnecessary to discuss, however, the Court believes a brief discussion is required to explain why Plaintiff's constitutional claims for damages should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 48 at 9). The ALJs, Judges Purcell and Gee, are accorded absolute immunity from liability for action taken in the performance of their judicial or quasi-judicial duties, and all Plaintiff's allegations are directed at such actions. *Butz v. Economou*, 438 U.S. 478, 511-14 (1978). The Department of Labor is also immune from suit because the United States has not waived its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994); *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009). Finally, Plaintiff's amended complaint states no allegations against "John Does and Jane Does 1-5" on which to base any claim for damages. Therefore, Plaintiff's "Equal Protection, Due Process, and *Bivens* complaint" fail to state facts sufficient to state a claim for relief and are properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's second and third issues are both grounds for appeal from the ALJs orders denying him authority to represent persons before the OALJ. Indeed, Plaintiff's amended

complaint requests this Court review these orders pursuant to "the provisions of the Administrative Procedures Act governing judicial review found at 5 U.S.C. §§ 701-706." (Dkt. No. 9 at 1). These issues were properly addressed by the R&R, and the Court agrees with and adopts the R&R in its dismissal of this case under the provisions of the Administrative Procedures Act ("APA").

Plaintiff objects that the ALJs "acted arbitrary and capricious" when they "refused to schedule a hearing, or conduct independent review of the state record." (Dkt. No. 54 at 7). The applicable regulation provides that:

> The administrative law judge may deny the privilege of appearing to any person, within applicable statutory constraints, e.g. 5 U.S.C. 555, who he or she finds *after notice of and opportunity for hearing* in the matter does not possess the requisite qualifications to represent others; or is lacking in character or integrity; has engaged in unethical or improper professional conduct; or has engaged in an act involving moral turpitude. No provision hereof shall apply to any person who appears on his or her own behalf or on behalf of any corporation, partnership, or association of which the person is a partner, officer, or regular employee.

29 C.F.R. § 18.34(g)(3) (emphasis added). Neither ALJ afforded Plaintiff an evidentiary hearing, but both issued notices to Plaintiff requesting that he submit written evidence as to why he should not be barred from representing others before the OALJ. (Dkt. No. 9-2 at 3, 13-18). Plaintiff responded to both notices by written submissions to the respective ALJs. (Dkt. No. 9-2 at 4-5, 20-24). After review of Plaintiff's submissions, both judges issued orders denying Plaintiff authority to appear before the OALJ. (Dkt. Nos. 9-2 at 9-11, 25-32; 59-1).

The Court agrees with the Magistrate that it was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" for the ALJs not to conduct an evidentiary hearing. 5 U.S.C. § 706. As noted by the Magistrate, "[p]rocedural due process in a disbarment proceeding does not require that a hearing be given to the attorney involved, but he must be given fair notice of the charge against him and an opportunity to explain and defend his actions."

*In re Chipley*, 448 F.2d 1234, 1235 (4th Cir. 1971) (citing *In re Ruffalo*, 390 U.S. 544 (1967)). Further, in a similar matter, the OALJ held that disqualification under 29 C.F.R. § 18.34(g)(3) did not require an evidentiary hearing where the attorney had a full and fair opportunity to litigate the issue of his misconduct before other tribunals. *In re Slavin*, ARB No. 04-088, at 19 http://www.oalj.dol.gov/Public/ARB/DECISIONS/ARB_DECISIONS/MIS/04_088.MISP.PDF (Apr. 29, 2005). Here, the ALJ determined that Plaintiff had a full and fair opportunity to litigate issues regarding his misconduct, including any due process concerns, before the Washington state courts. (Dkt. No. 9-2 at 29-30). This decision is amply supported by the record and is not arbitrary or capricious.[1]

Similarly, Plaintiff's final ground for objection to the R&R is unavailing. As discussed above, the Court finds that the ALJs properly applied 29 C.F.R. § 18.34(g). Further, the Court finds that the ALJs properly interpreted and applied *Selling*. Plaintiff argues that *Selling* requires an evidentiary hearing in this case (Dkt. No. 54 at 9), but the Court does not find any such requirement in the language of that opinion. *See* 243 U.S. at 50-51. Instead, Judge Purcell properly noticed Plaintiff of the *Selling* factors (Dkt. No. 9-2 at 16) and then applied those factors in his order denying Plaintiff authority to appear in a representative capacity before the OALJ (Dkt. No. 9-2 at 30). The Court holds the APA provides no basis for overturning the decisions of the ALJs.

In the final analysis, this matter addresses the authority of an administrative tribunal to rely upon and give reciprocal effect to the disbarment proceedings of other jurisdictions where the attorney was afforded a full and fair proceeding prior to disbarment. Where the standards set

---

[1] The Court notes that the United States Supreme Court followed the same procedure in its decision to disbar Plaintiff. *See* Sup. Ct. R. 8. The Supreme Court required Plaintiff to show cause why he should not be disbarred, *In re Discipline of Marshall*, 131 S. Ct. 40 (2010), and then entered an order disbarring him from the practice of law before that Court. *In re Disbarment of Marshall*, 131 S. Ct. 855 (2010).

forth in *Selling* have been satisfied, a disbarred attorney may not endlessly litigate his disbarment decision, requiring each tribunal before which he seeks to practice to independently establish that he lacks the competence or integrity to represent clients before the tribunal. The procedure recognized in *Selling* (with a rule to show cause), which was followed by this administrative panel, provides Plaintiff appropriate protection against arbitrary governmental action while allowing the tribunal to uphold the integrity and dignity of its proceedings.

## Conclusion

For the reasons set forth above, the Court adopts, as modified, the R&R of the Magistrate. (Dkt. No. 48). Accordingly, Defendants' motion to dismiss (Dkt. No. 21) is GRANTED and Plaintiff's two motions to stay (Dkt. Nos. 40, 55) are DENIED as moot.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

December 11, 2012
Charleston, South Carolina